IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **WHAM-O HOLDING, LTD.** *et al*, <br><br> Plaintiff, <br><br> v. <br><br> **ARCADE SPORTS,** *et al.*, <br><br> Defendants. | Case No. 1:25-cv-07300-JPB |

**MOTION TO DISMISS COMPLAINT**
**PURSUANT TO RULE 12(b)(6)**

Defendants DOE 60 (GIFTIARA, formerly songliwu, Seller ID AV1A4G6FEZB1P) and DOE 231 (yueqianli, Seller ID A1XBFPIV8FBXX7), appearing specially and without waiving defenses, move to dismiss the Complaint for failure to state a claim upon which relief can be granted.

**I. INTRODUCTION**

Plaintiffs allege trademark infringement and counterfeiting of the "FRISBEE" mark (U.S. Reg. No. 679,186) via online sales of flying disc toys. For these Defendants, listings (e.g., GIFTIARA's "Electric Disc Launcher" and yueqianli/Bifeaw's "Aerodynamic Dog Frisbee") use "frisbee" descriptively in the middle of product descriptions to refer to the toy type (flying disc for dogs/outdoor play), not as a source identifier or brand. *See* Exhibit A and B for the infringing

evidence. This non-prominent, descriptive use does not create a likelihood of confusion and qualifies as fair use. Additionally, the mark has suffered significant genericide-like erosion from public usage, weakening enforceability.

## II. LEGAL STANDARD

To survive dismissal, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). For Lanham Act infringement. (15 U.S.C. §§ 1114, 1125), Plaintiffs must show: (1) valid protectable mark; (2) prior use; and (3) defendant's use in commerce likely to cause confusion as to source/affiliation. Absent likelihood of confusion, no claim exists.

## III. ARGUMENT

**A. No Likelihood of Confusion – Descriptive/Fair Use of the Term**

Defendants' use of "frisbee" (lowercase, not capitalized or stylized like Plaintiffs' mark) appears buried in descriptions (e.g., "Specific Uses for Product: Dog Frisbee"; "Aerodynamic Dog Frisbee"), not in titles, logos, packaging, or prominently. This is classic descriptive/nominative fair use: referring to the product category (flying disc toy) without implying sponsorship by Wham-O.

"Determination of likelihood of confusion requires analysis of the following seven factors: (1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5)

similarity of advertising media used, (6) defendant's intent and (7) actual confusion." *See Dieter v. B & H Indus. of Sw. Fla., In*c., 880 F.2d 322, 326 (11th Cir. 1989)(citation omitted). Here:

- Use is non-prominent and descriptive (not as a trademark).

- Goods are pet/outdoor toys, not identical to Plaintiffs' core flying saucers.

- No evidence of intent to confuse or actual confusion alleged specifically against these Defendants.

- Consumers understand "frisbee" colloquially for any flying disc, reducing confusion risk.

Such limited, good-faith descriptive use does not infringe. *See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111 (2004) (fair use defense where term used descriptively without suggesting affiliation).

## B. The FRISBEE Mark Is Weakened by Widespread Generic Usage (Partial Genericide)

While registered, "FRISBEE" faces ongoing genericide pressure: public/dictionary usage often means any flying disc (similar to "Murphy bed" in *Murphy Door Bed Co. v. Interior Sleep Sys., Inc*., 874 F.2d 95 (2d Cir. 1989), where "Murphy bed" became generic for wall-fold beds despite efforts to protect). In Illinois High School Assoc'n v. Gte Vantage Inc., 99 F.3d 244 (7th Cir. 1996), the court gave the analogy of "Star Wars," analyzing that "[i]f someone bought rights to

the SDI from the U.S. government and sold the anti-missile program to another country under the name "Star Wars," nothing in the Lucasfilm opinion or in the principles of trademark law would entitle Lucasfilm to enjoin that use of the name." It continued to state, "[t]he name would have become attached by the public to another product as well as to the movies, just as happened here." *Id*., at 247.

Wham-O polices aggressively (as here), but colloquial dominance weakens the mark's source-identifying power, especially for incidental references like Defendants'. This supports no plausible confusion from non-prominent descriptive use.

## IV. REQUEST FOR RELIEF

Defendants request that the Court dismiss claims against these Defendants with prejudice (or without, if jurisdictional issues persist).

Respectfully, this 14th day of January 2026.

/s/ Abena K Abayomi-Rogers
Abena K Abayomi-Rogers
Georgia Bar No. 315161
ICEE Law, LLC
1445 Woodmont Lane
Suite 3362
Atlanta, GA 30318
CourtComms@ICEELaw.com
Ph: 470-574-0529
Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with this Court's rules concerning typographical presentation in that it is set in 14-point Times New Roman font.

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers

## CERTIFICATE OF SERVICE

I hereby certify that on Jan. 14, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record, and via email on Plaintiff's counsel.

*/s/ Abena K. Abayomi-Rogers*
Abena K. Abayomi-Rogers
