**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

WHAM-O HOLDING, LTD., et al.,

Plaintiffs,

v.

ARCADE SPORTS, et al.,

Defendants.

Civil Action No. 25-CV-7300-JPB

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16.2, Plaintiff and Defendants Giftiara (DOE 60), Ozmi (DOE 147), YUEQIANLI (DOE 231) and It's Fun Direct (DOE 97)[1] ("Defendants") have met and conferred and submit the following Joint Preliminary Report and Discovery Plan.[2]

**1. Description of Case**

**(a) Nature of the Action**

[1] Defendant Doe 97 is Shantou Shilengyuyu Trading Co., Ltd. Plaintiffs identified Defendant Doe 97 in the Complaint as "It's Fun Direct." Defendant Doe 97 presently operates its Amazon storefront under the name "KuKuFan Direct."
[2] All other Defendants have either been dismissed or are in default, which the Clerk entered on February 20, 2025.

This is an action for trademark infringement, counterfeiting, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. Sections 1114 and 1125(a), arising from Defendants' unauthorized use of Plaintiffs' federally registered trademarks in connection with the advertisement, offering for sale and sale of counterfeit and infringing products through online marketplace platforms.

**(b) Summary of Alleged Facts**

Plaintiffs are the owners of the FRISBEE trademarks, which are valid, subsisting, and, in many instances, incontestable.

Defendants are foreign-based online sellers operating under various aliases on e-commerce platforms. They use interactive storefronts accessible in the United States, accept U.S. currency, and ship products into the State of Georgia.

Plaintiffs allege that Defendants operate as part of a coordinated network of sellers using overlapping identifiers, shared product listings, and common distribution channels to advertise and sell counterfeit and infringing products bearing the FRISBEE trademarks.

Defendants' conduct has caused consumer confusion, harmed Plaintiffs' goodwill, and resulted in irreparable injury.

**Defendant Doe 97's Position:** Defendant Doe 97 disputes Plaintiffs' characterizations in this Section 1(b) as applied to Doe 97. Doe 97 operates a single Amazon storefront under the federally registered KUKUFUN trademark pursuant to

an exclusive license, and has no commercial, organizational, or other relationship with any of the other 462 named Defendants. Doe 97 denies that any of its products are counterfeit, that it has made any unauthorized use of Plaintiffs' marks, or that it has engaged in any willful or unlawful conduct. Doe 97 is filing today a motion challenging service of process, seeking reconsideration of Doc. 10, and seeking severance for misjoinder. Doe 97's participation in this Report is solely to comply with the Court's April 29, 2026 Order [Doc. 57] and Rule 26(f), and reflects no admission, concession, or waiver of any defense or position.

**(c) Legal Issues**

The principal legal issues currently expected to be litigated include:

- Whether Defendants' use of the FRISBEE marks constitutes trademark infringement and counterfeiting under 15 U.S.C. § 1114;
- Whether Defendants' conduct constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a);
- Whether Defendants' actions are willful, entitling Plaintiffs to enhanced or statutory damages;
- Whether Defendants are properly joined under Federal Rule of Civil Procedure 20;
- Whether this Court has personal jurisdiction over Defendants under Rule 4(k)(2) and/or Georgia's long-arm statute;

• Whether Plaintiffs are entitled to injunctive relief, including asset restraints and marketplace takedowns.

**Defendant Doe 97's Additional Legal Issues:**

• Whether the email service effected on Defendant Doe 97 pursuant to Doc. 10 complies with Rule 4(f)(3), the Hague Service Convention, and the Civil Procedure Law of the People's Republic of China;

• Whether Defendant Doe 97 is properly joined under Rule 20(a)(2) or should be severed or dismissed under Rule 21 for misjoinder;

• Whether Plaintiffs can establish, as to Defendant Doe 97 specifically, the elements of trademark infringement, counterfeiting, false designation of origin, or unfair competition under 15 U.S.C. §§ 1114 and 1125(a);

• Whether the asserted FRISBEE marks are valid, enforceable, and entitled to the scope of protection Plaintiffs claim;

• Whether affirmative defenses available to Defendant Doe 97 preclude or limit Plaintiffs' claims;

• Whether Plaintiffs can establish willfulness or any predicate to enhanced or statutory damages, attorney's fees, or punitive relief as to Defendant Doe 97.

**2. Complexity of the Case**

This case involves a large number of foreign defendants operating through anonymous online storefronts, requiring coordinated discovery concerning online

marketplace data, payment processors, and international sales activity. Accordingly, Plaintiffs anticipate that discovery will involve technical and third-party evidence, including electronically stored information from online platforms.

**3. Counsel**

**Plaintiff**

David M. Lilenfeld
Whitewood Law PLLC
5555 Glenridge Connector, Suite 200
Atlanta, GA 30342
David@WhitewoodLaw.com

Abby M. Neu
Whitewood Law PLLC
5555 Glenridge Connector, Suite 200
Atlanta, GA 30342
aneu@WhitewoodLaw.com

**Defendant DOE 97**
Yongyuan Li
Admitted Pro Hac Vice
YK Law LLP
445 S. Figueroa Street, Suite 2280
Los Angeles, CA 90071
Telephone: (213) 817-7552
Email: hli@yklaw.us

Abena K Abayomi-Rogers
Local Counsel
ICEE Law, LLC
1445 Wood mont Lane, Suite 3362
Atlanta, GA 30318
Telphone: (470) 574-0529
Email: courtcomms@iceelaw.com

**Defendant DOES 60, 147 and 231**
Jianyin Liu
9000 SW 157th St.
Palmetto Bay, Fl. 33157
(305) 209-6188
jamesliulaw@gmail.com

**4. Jurisdiction**

Jurisdiction is proper under 28 U.S.C. Sections 1331 and 1338. Personal jurisdiction exists pursuant to Federal Rule of Civil Procedure 4(k)(2) because

Defendants are foreign entities who have purposefully directed commercial activities at the United States, including by operating interactive online storefronts, accepting U.S. currency, and shipping goods to U.S. consumers. Jurisdiction is also proper under Georgia's long-arm statute because Defendants have committed tortious acts causing injury in this District by selling infringing products to U.S. consumers, including Georgia residents.

**Defendant Doe 97's Position:** Defendant Doe 97 is filing today a motion challenging the sufficiency of service of process under Fed. R. Civ. P. 12(b)(5). Doe 97 does not separately contest the Court's personal jurisdiction at this stage.

**5. Parties to This Action**

(a) Necessary parties not joined:

None known at this time.

(b) Improperly joined parties:

**Plaintiffs' Position:** None known at this time.

**Defendant Doe 97's Position:** Defendant Doe 97 contends that it is improperly joined with the other 462 Defendants under Federal Rule of Civil Procedure 20(a)(2) and is separately seeking, in the Doe 97 Motion being filed today, dismissal or severance of Defendant Doe 97 under Federal Rule of Civil Procedure 21. *See* Doe 97 Motion at §III(B).

(c) Incorrectly named parties:

None known at this time. To the extent any Defendant is identified by an alias, Plaintiffs reserve the right to amend to reflect true identities as they are discovered.

**6. Amendments to the Pleadings**

Plaintiffs do not presently anticipate amendments to the pleadings but reserve the right to amend should discovery reveal additional infringing products or activities.

**7. Filing Times for Motions**

The parties will comply with the deadlines established by the Federal Rules of Civil Procedure and Civil Local Rules, which are listed, generally, in the attached addendum.

**8. Initial Disclosures**

The parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**9. Request for Scheduling Conference**

At this time, the parties do not believe a scheduling conference is necessary but will request one if issues arise regarding discovery scope or electronically stored information.

**10. Discovery**

According to the Civil Local Rules, including Appendix F, this case is assigned a four month discovery track.

• Discovery may be required concerning:

• Defendants' identities and corporate structures;

• Operation of Defendants' online storefronts and seller accounts;

• Sales of infringing products into the United States;

• Communications with e-commerce platforms and payment processors;

• Financial records, including revenues and profits derived from infringing sales;

• Supply chain and manufacturing sources of counterfeit goods; and

• Electronically stored information from third-party platforms (e.g., Amazon, Walmart, Temu, PayPal).

Plaintiffs anticipate seeking third-party discovery from online marketplaces and payment processors.

**Defendant Doe 97's Position:** To date, Plaintiffs have not served any discovery requests on Defendant Doe 97. Defendant Doe 97 takes no position on the proposed discovery scope or timing at this stage. In the Doe 97 Motion being filed today, Defendant Doe 97 requests a stay of all discovery and case-management deadlines as to Defendant Doe 97 pending the Court's resolution of that Motion. Doe 97 reserves all objections to discovery as to Doe 97 until the threshold service and joinder issues are resolved.

**11. Discovery Limitations and Electronically Stored Information**

Discovery will include substantial electronically stored information ("ESI"), including account records, transaction histories, communications, and backend seller data maintained by third-party platforms. The parties will confer regarding search terms, custodians, and production format as necessary.

**Defendant Doe 97's Position:** Defendant Doe 97 takes no position at this stage on the scope of ESI discovery as to Defendant Doe 97, pending resolution of the Doe 97 Motion. Doe 97 reserves all objections to the scope, search terms, custodians, and production format of ESI discovery.

**12. Other Orders**

The parties do not presently request any additional orders under Federal Rules of Civil Procedure 16 or 26.

**Defendant Doe 97's Position:** Defendant Doe 97 has filed today a Motion that includes a request, under the Court's case-management authority, for a stay of all discovery and case-management deadlines as to Defendant Doe 97 pending the Court's resolution of that Motion.

**13. Privileged or Protected Material**

The parties anticipate standard claims of attorney-client privilege and work-product protection and will comply with Federal Rule of Civil Procedure 26(b)(5). The parties anticipate standard claims of attorney-client privilege and work-product

protection and will comply with Federal Rule of Civil Procedure 26(b)(5). Also, as required by LR 26.2, the parties have agreed to a stipulated protective order to govern the production of sensitive information and are filing it herewith.

**Defendant Doe 97's Position:** Defendant Doe 97 has not been provided with any proposed stipulated protective order and has not agreed to one. Doe 97 reserves the right to meet and confer with Plaintiffs regarding a protective order if and when one is proposed.

**14. Settlement Potential**

Plaintiffs' Position: Plaintiffs remain open to settlement discussions.

Defendants' Position: Defendants remain open to settlement discussions.

The parties will continue to evaluate settlement opportunities throughout the case.

**15. Trial by Magistrate Judge**

The parties do **not** consent to trial before a United States Magistrate Judge.

Dated: May 19, 2026

Respectfully submitted,

*/s/ David M. Lilenfeld*

David M. Lilenfeld
Georgia Bar No. 452399
Abby Neu
Georgia Bar No. 200207
Whitewood Law PLLC
5555 Glenridge Connector, Suite 200
Atlanta, Ga. 30342
Telephone: (917) 858-8018

Email: david@whitewoodlaw.com

*Counsel for Plaintiffs*